37 F.3d 1484
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Joseph M. CRAVEIRO, II, Plaintiff, Appellant,
v.
Loring P. LAMOUREUX, ET AL., Defendants, Appellees.
 No. 94-1196
 United States Court of Appeals,
First Circuit.
 Oct. 24, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Nathaniel M. Gorton, U.S. District Judge ]
 Joseph M. Craveiro, Jr. on brief pro se.
 Scott Harshbarger, Attorney General, and Eleanor Coe Sinnott, Assistant Attorney General, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Joseph Craveiro appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint as frivolous under 28 U.S.C. Sec. 1915(d). Upon a careful review of the record and the parties' briefs, we agree with the judgment of the district court for essentially the reasons stated in its Memorandum and Order dated August 3, 1993. We add the following comments.
 
 
 2
 First, appellant's request for an order directing defendants to correct the state judgment is barred by Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (lower federal court has no jurisdiction to sit in review of state court judgment). Second, a federal court cannot instruct state officials how to behave based upon state law. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984). These cases dispose of appellant's claims for declaratory and injunctive relief. Finally, a judgment in favor of appellant in this case plainly would imply that his conviction for armed robbery is invalid. Thus, his claim for damages is not cognizable under Sec. 1983. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).
 
 
 3
 Appellant's complaint, being premised on "indisputably meritless legal theor[ies]," is therefore frivolous within the meaning of Neitzke v. Williams, 490 U.S. 319, 327 (1989). The judgment of the district court is affirmed.